[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13854

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HECTOR GEOVANI XONA-MAC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80146-AMC-1

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Hector Xona-Mac challenges his 20-month sentence for illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(1). He asserts (1) that his sentence is procedurally unreasonable because the district court failed to adequately explain his sentence and did not properly consider the § 3553(a) factors, and (2) that his sentence is substantively unreasonable because the district court focused solely on deterrence and ignored other relevant sentencing factors. After careful review, we affirm.

Applying a two-step process, "we review the reasonableness of a district court's sentence for abuse of discretion." *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). When reviewing a sentence's reasonableness, we first ensure that the sentence is procedurally reasonable, and then consider whether it is substantively reasonable. *Id.* at 936. The party who challenges the sentence bears the burden of showing that the sentence is unreasonable. *Id.*

A district court's sentence is procedurally unreasonable if the district court failed to, among other things, adequately explain the chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although the district court must consider the 18 U.S.C. § 3553(a) sentencing factors, it is not required to explicitly discuss or state on the record that it has considered each of the § 3553(a) factors. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Instead, an acknowledgment by the district court that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A district court is not "required to articulate [its] findings and reasoning with great detail or in any detail for that matter." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). The Supreme Court has held that the appellate court must be able to satisfy itself that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority. *Rita v. United States*, 551 U.S. 338, 356 (2007). But it is enough that the context and record indicate the reasoning behind the district court's conclusion. *Id.* at 359.

If a sentence is procedurally reasonable, we next consider its substantive reasonableness. *Gall*, 552 U.S. at 51. The appellate court must consider the totality of the circumstances. *Id.* The weight given to each § 3553(a) factor is "committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (cleaned up). We will overturn a sentence as substantively unreasonable only if we are "left with the definite and firm conviction" that a clear error of judgment was made by the district court in weighing the § 3553(a) factors and the resulting sentence is "outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190. We do not presume that a sentence outside the guideline range is

unreasonable, and we give deference to the district court's decision that its sentence is supported by the § 3553(a) factors. *Id.* at 1187.

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary," "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). In addition, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," the guideline sentencing range, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (3)–(4), (6).

The district court may impose an upward variance based on the § 3553(a) factors. *See, e.g.*, *United States v. Overstreet*, 713 F.3d 627, 637-38 (11th Cir. 2013). The district court may also impose an upward variance if it concludes that the guideline range is insufficient considering the defendant's criminal history. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016). We have held that a district court may consider a defendant's criminal history both in calculating the correct guideline range and in applying an upward variance. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1264 (11th Cir. 2015). We have stated that "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *Id.* at 1261. A district court's

sentence does not become unreasonable merely because the court did not accept the prosecutor's or defense counsel's recommendation. *See United States v. Valnor*, 451 F.3d 744, 745-46, 752 (11th Cir. 2006) (affirming upward variance despite government and defendant jointly recommending sentence at low end of guideline range).

Here, Xona-Mac's 20-month sentence is both procedurally and substantively reasonable. Contrary to Xona-Mac's assertions as to procedural reasonableness, the district court adequately explained its sentence, stating that it considered the § 3553(a) factors, and it heard the parties' arguments as to the § 3553(a) factors and provided a reasoned basis for the sentence. *Turner*, 474 F.3d at 1281; *Rita*, 551 U.S. at 356. Specifically, the district court heard the government's explanation that it was recommending a sentence on the low end of Xona-Mac's guideline range and Xona-Mac's arguments that the guidelines already accounted for his prior immigration convictions, that he returned to the United States to support his family, that he acknowledged that he was wrong to reenter the United States illegally, that he did not intend to do it again in the future, and that his criminal history did not involve any violence, guns, or drugs. Acknowledging these arguments, the district court nonetheless, in an exercise of its broad sentencing discretion, assigned greater weight to Xona-Mac's criminal history and the need to promote respect for the law and to afford adequate deterrence to criminal conduct. The district court therefore provided a

6                    Opinion of the Court                    21-13854

reasoned basis for exercising its legal decision-making authority. *Rita*, 551 U.S. at 356.

Xona-Mac's 20-month sentence is also substantively reasonable. First, and most importantly, the district court had "broad leeway" to allot significant weight to Xona-Mac's criminal history and to vary upward based on such history in order to promote respect for the law and to afford adequate deterrence to criminal conduct, even if his guideline range had fully accounted for his criminal history. *Amedeo*, 487 F.3d at 832; *Osorio-Moreno*, 814 F.3d at 1288; *Rosales-Bruno*, 789 F.3d at 1261, 1264. Moreover, although Xona-Mac's criminal history category captured both of his prior illegal reentry convictions and one of the other instances in which he unlawfully entered the United States and was deported, it did not account for the other instance in which he was deported and could have been charged with and convicted of illegal reentry a third time, and his offense level only captured one of his illegal reentry convictions. U.S.S.G. § 2L1.2(b)(1)(A) (emphasis added) (increasing an offense level by four if the defendant has sustained "*a conviction*" for an illegal reentry offense). And to be clear, the parties' joint recommendation of a sentence on the low-end of Xona-Mac's guideline range did not render the district court's variance up to 20 months unreasonable. *Valnor*, 451 F.3d at 745-46, 752. Furthermore, Xona-Mac's 20-month sentence was well below the statutory maximum of 10 years. 8 U.S.C. § 1326(b)(1); *Gonzalez*, 550 F.3d at 1324. Finally, Xona-Mac has not shown an unwarranted disparity between his sentence and those sentenced under the same

21-13854              Opinion of the Court                    7

guideline. 18 U.S.C. § 3553(a)(6).  Accordingly, Xona-Mac's sentence was also substantively reasonable.

**AFFIRMED.**